## Coöperative Stores at State Teachers Colleges

ARNOLD, Deputy Attorney General, October 31, 1932.—You have asked us to advise you whether trustees of state teachers colleges may lawfully permit the operation of coöperative stores on the premises of the respective colleges. The purpose of these stores would be to provide the students with books and supplies needed in their college courses and other school and athletic activities, and also with small articles of personal use of various kinds, including class jewelry and emblems. The proposed store would be operated by representatives of the student body, and the profits would be devoted to the benefit of the students generally in such manner as the students or their representatives might determine.

For this purpose your plan would make use of existing student-body organizations, or would provide for the formation of such organizations where none already exist. They would be voluntary associations, financed by small membership dues. Funds of these associations would be used to furnish the original capital necessary to set up the stores, although you say that very little initial capital would be needed because book publishers and other merchants would give liberal credit to such stores.

In an opinion dated September 3, 1929, addressed to the Department of Property and Supplies, and a supplemental opinion dated October 11, 1929, addressed to the superintendent of public instruction, Hon. William A. Schnader, then special deputy attorney general, stated the general nature of the articles which might be purchased by the Commonwealth for sale to students in state teachers colleges.

We understand that your present inquiry is not concerned with any of the questions involved in those opinions, and that the proposed coöperative stores are intended to eliminate the conduct of stores or supply rooms by the Commonwealth itself, acting through the college officers.

The secretary of health and the secretary of welfare inform us that in certain institutions under the care of their departments, similar coöperative stores serving the needs of the inmates and employes of the institutions have been in operation for some years. These institutions are largely the state hospitals and sanitoriums. These stores, in all cases, we are informed, were started with private funds and have been conducted on a purely coöperative basis. They supply to the inmates, patients and employes small necessities and inexpensive luxuries which it would be practically impossible for them to obtain in any other way. The stores are not designed as money-making enterprises, but what small profits are realized are used for the common benefit of the patients and inmates.

Some question has been raised, informally, as to the propriety of the operation of these stores in institutions of the Departments of Health and of Welfare. Since they are so similar in principle to the proposed stores in state teachers colleges, we may consider them together.

These stores are not commercial enterprises, and their operation is not to be compared with grants of concessions to private individuals or corporations for the conduct of business on public property. They are, first and last, for the benefit of the people for whom the State maintains the institutions in question. Pupils in the teachers colleges must have books and other articles for their school work, and promptness and convenience in obtaining them are important factors. Coöperative stores of this kind will afford the most convenient and prompt method of supplying these needs. Outside the category of bare necessities are many items which are commonly regarded as essentials or near-essentials for even the most modest comfort. Others, perhaps less essential, are nevertheless in constant demand as incidental to the everyday life of great numbers of persons. In the hospitals the comfort and pleasure to be obtained by persons confined in these institutions from the articles which they can purchase in these stores cannot be measured.

In many cases, a store in the institution is the only practical source of supply for these small articles of everyday need. A number of the institutions are far removed from adequate stores. But even if outside stores were close at hand, few patients in mental, tuberculosis or other hospitals could go to them.

Of course, there will have to be limitations on the scope of the activities of the stores to keep them within the purposes for which they were formed. These limitations can best be determined as the need arises by the exercise of sound discretion by supervising officials. However, we believe that in order to insure the propriety of the maintenance of the proposed stores, the following conditions should be observed:

The organization operating the store of each institution should be a distinct unit, without connection or relation with similar stores at other institutions. No scheme of joint buying or other combined operations or contacts made through the agency of public authorities should be employed.

No moneys of the Commonwealth may be used in the establishment or operation of the stores. In this respect, they must be purely private enterprises. The proposals that persons handling money of the stores be bonded and that there be annual audits are excellent ones for cases where the amounts involved warrant such regulations.

All business of the stores should be conducted by and in the names of the store organizations. No purchases or other transactions for the stores may be made or carried on by the institutions in their names.

The activities of the stores should be confined to such as are for the real benefit, comfort and convenience of the persons in the institutions, and the margin of profit on sales should be kept low. The financing of extensive enterprises, even for the common benefit of all, from profits of the stores, is not to be encouraged. Obviously, no attempt may be made to compel any person or groups to purchase any article from or through the stores instead of from other tradesmen. On the other hand, no person in an institution may be denied the privilege of purchasing at its store.

Your letter suggests, in respect to stores at teachers colleges, that the boards of trustees and the administrative officers of the colleges should be represented in the management of the stores. Of course, the trustees of any institution should first determine whether any such store is to be operated in their particular institution. If the permission is granted, the trustees, whether of teachers colleges or of other institutions, either directly or through the president, should prescribe rules and regulations concerning the designation of student, or patient representatives, compensation of attendants, and general store policies and finances, and should exercise supervision and jurisdiction over the conduct of the business. But we do not believe that the trustees or other authorities, in their official capacities, should be expected to take any active part in the conduct of the store or the handling of its funds.

Therefore, we advise you that coöperative stores of the general nature described in this opinion may be operated in state teachers colleges and other institutions for the benefit and convenience of pupils, patients and other persons therein. No public moneys may be employed in the founding or maintenance of such stores, nor may they be operated as enterprises of the State or any of its agencies.

From C. P. Addams, Harrisburg, Pa.